SAMUEL, Judge.
Plaintiff filed this suit against defendant, an incorporated musical group, for past due wages. He does not claim statutory penalties and attorney’s fees. Defendant answered, denying any wages were due. After trial, there was judgment in favor of plaintiff in the amount of $1,148.71. Defendant appeals.
Plaintiff was employed by the defendant in February, 1974 as a singer at a salary of $175 per week. His compensation was paid in an irregular manner from the outset.
Defendant does not contend plaintiff has received his full weekly salary. It does contend that under an agreement reached at a meeting of the musicians of the group in the summer of 1973 all of its employees, were paid their full wages only if the net receipts accruing to the musical group after payment of essential expenses were sufficient to permit such payment and, in the event the net receipts were not so sufficient, they were to receive as compensation only a pro rata share of those receipts. It further contends the net receipts had not been sufficient to pay plaintiff his full wages and that he had received his full pro rata share. The meeting referred to is more fully described in a previous decision of this court, Smith v. Vance, 333 So.2d 695. As in the Smith case, plaintiff here contends he was employed at the rate of $175 per week, and that any amounts not paid to him weekly would accrue as back wages to be paid at a later date.
Also as in the Smith case, the issue before the court is simply one of fact. Was plaintiff hired under his version of the oral employment contract or did he agree, expressly or tacitly, to accept a pro rata share of the net income of the defendant corporation in lieu of a fixed salary as contended by the defendant?
The testimony regarding plaintiff’s employment contract is conflicting. Plaintiff offered three witnesses, himself, defend *1082 ant’s then general manager (who was not connected with the band during plaintiff’s employment), and Dale A. Smith (apparently the plaintiff in the Smith case, who had been a member of the band during a part of the time involved in plaintiff’s claim). Defendant offered two witnesses, Kenneth Brandt and Andrew Franichivich, the same two witnesses called by the defendant in the Smith case. However, the testimony establishes that W-2 forms were issued to plaintiff and that plaintiff was not a member of the defendant organization in 1973 when the agreement was entered into.
The trial court resolved the conflict in favor of the plaintiff version of the contract. As we find a reasonable factual basis for this finding, we affirm under the rationale of Canter v. Koehring Company.[1]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. La., 283 So.2d 716.